THE WESTERN LAND ASSOCIATION vs. JAMES READY.

December 28, 1877.

Letter of Attorney—Sp. Laws 1869, c. 136, § 2, Construed—Ratification—Estoppel.—It is essential to the validity of the letter of attorney provided for in section 5 of the act to incorporate the Western Land Association, (Laws 1857, ex. sess., c. 31, as amended by Sp. Laws 1869, c. 136, § 2,) that it should be recorded, and that it should "clearly and specifically set forth and define the character and extent of the power conferred by it." The letter of attorney involved in the case held defective and invalid as respects each of these requirements. The facts of the case considered with reference to questions of ratification and estoppel.

This action was brought in the district court for St. Louis county, upon a written contract for the sale of certain land, entered into with the defendant by Luther Mendenhall, as the agent of the plaintiff. The case was tried by *Stearns*, J., without a jury, who ordered judgment to be entered for the defend-

ant. Said judgment having been entered, the plaintiff appealed.

*Ensign & Cash,* for appellant, argued that the statutory provisions in relation to the power of attorney did not concern the public, and could therefore be waived by appellant; that the contract had been ratified by appellant in receiving the money paid upon the contract, in failing to disclaim the agency of Mendenhall, in delivering possession of the lots to the respondent, in seeking to enforce this contract by action, and in tendering a deed to respondent. *Lawrence* v. *Taylor,* 5 Hill, 113; *Worrall* v. *Munn,* 5 N. Y. 229; *Minor* v. *Willoughby,* 3 Minn. 154, (225;) *Dickerman* v. *Ashton,* 21 Minn. 538; Story on Agency, §§ 250–260; Dunlap's Paley on Agency, 171–174. They also argued that under the facts found the respondent would be entitled to an action for the specific performance of this contract, and that therefore the appellant was justly entitled to have it enforced in his favor.

*H. N. Setzer,* for respondent, argued that the contract could not be ratified without the consent of the respondent, (Dunlap's Paley on Agency, 4 Am. Ed. 343–345; *Right* v. *Cuthell,* 5 East. 498; *Coles* v. *Bell,* 1 Camp. 478,) and that there was no evidence that the contract had been legally ratified by the appellant.

BERRY, J. By section 5 of an act to incorporate the Western Land Association, (Laws 1857, ex. sess., *c.* 31, as amended by Sp. Laws 1869, *c.* 136, § 2,) the board of directors of said association is authorized, at any regular or special meeting, to "elect or appoint for any term an agent or agents, for the transaction of the business of said association, and determine and prescribe the powers and duties of such agent or agents. But no agent shall have any power or authority to contract, to sell or convey, lease or encumber any of the real estate of said association, until such agent shall have been duly empowered by a letter of attorney, executed by the president and attested by the secretary of the association, under its corporate seal, and acknowledged by the president before some

officer authorized to take acknowledgments of deeds and other instruments of writing to be recorded in this state, which letter of attorney shall clearly and specifically set forth and define the character and extent of the powers thereby conferred upon such agent, and shall be recorded in every county in this state wherein the said association shall hold real estate, concerning which the said agent is by said letter of attorney authorized to act; and all conveyances or instruments executed by said agent under such power of attorney shall be made in the name of that association by such agent or attorney, and shall be signed and acknowledged by him as such agent or attorney. Such power of attorney shall be conclusive evidence of the authority of such agent or attorney to act in the premises, and the record thereof, or a certified copy of such record, shall be received in evidence with the same effect as the original."

It is apparent that extraordinary powers are conferred upon the agent thus provided for. The authority to invest him with these extraordinary powers is wholly statutory. He must, therefore, be so invested in the manner prescribed by statute; any other manner is unauthorized and ineffectual.

Among other things the statute requires that the letter of attorney empowering him to act shall be recorded in the proper registry of deeds, and that it "shall *specifically* set forth and define the character and extent of the power conferred upon him." Both of these requirements are made equally essential to the validity of the letter of attorney.

Neither of them was complied with as respects the letter of attorney involved in this case. It is expressly found that it was not recorded. The character and extent of the powers sought to be conferred by it upon the agent Mendenhall are described as follows, viz.: "To contract to sell to persons or corporations intending to occupy or improve the same, such and so many town lots in the towns of Duluth, Oneota or Thompson as the executive committee of said company shall by lists of lots furnished to the said agent designate and deter-

mine." So far from *specifically setting forth and defining the character and extent of the powers* conferred upon the agent, this language expressly leaves this to be done, in part at least, by an executive committee. This by no means satisfies the statute. The letter of attorney being then defective, as respects both of the essential requirements mentioned, was invalid, and conferred upon Mendenhall no authority to make the alleged contract for the sale of the lots to the defendant. The agreement of the latter to pay for the lots *thus* contracted to be sold was therefore without consideration.

But the plaintiff claims that it has ratified, and thereby made good, the contract executed by Mendenhall. Upon this head the court below finds that the defendant, at the time of the execution of the contract, (April 17, 1872,) paid to Mendenhall twenty-five dollars of the agreed purchase price of the lots; that immediately after such execution he took possession of the lots and commenced to improve them; that at the end of the month in which the contract was executed Mendenhall reported to the plaintiff the contract of sale, and credited the defendant with his payment of twenty-five dollars, and accounted for the same to the plaintiff's treasurer; that the plaintiff never in any manner disclaimed Mendenhall's agency in the premises; that after the commencement of this action the plaintiff, by its president and secretary, duly executed a deed of the lots to the defendant, and on the trial of this action tendered the same to him in open court; that soon after the execution of the contract, and during the spring of 1873, the defendant abandoned the lots and applied to Mendenhall "to be released from any obligations" of the contract, and that he has made no payment upon the same save said sum of twenty-five dollars.

The court below, following a rule laid down in Story on Agency, § 242, to the effect that where the adoption of any particular form or mode is necessary to confer authority upon an agent, in the first instance, "there can be no valid ratification except in the same manner," held that the facts above detailed

did not amount to a ratification of the Mendenhall contract. Whether this rule is sound we do not deem it necessary to determine at this time. No case is presented for the application of the rule, for it is to be presumed, in the absence of some affirmative showing to the contrary, that the power to ratify, if it exists, is vested in the plaintiff's board of directors, and there is no fact found going to show any action in the premises on the part of the board or under its direction.

If the facts found could in any way have operated to bind the plaintiff to the fulfilment of the Mendenhall contract it must have been by estoppel. This could only be, however, at the election of the defendant. The plaintiff cannot set up in its own favor an estoppel created by its own contract for the purpose, or with the effect of making the defendant's invalid agreement valid and binding on him, unless the defendant has in some way assented to, and in law agreed to, this result. There is no fact found in this case tending to show any such assent upon the part of defendant. The court below was right in its conclusions that the defendant was not bound by the Mendenhall contract, and the judgment appeal ed from is accordingly affirmed.